**In re RAMCO/FITZSIMONS STEEL COMPANY, INC., Debtor.**

**William E. LAWSON, Trustee, Plaintiff,**

**v.**

**RARITAN RIVER STEEL CORPORATION, Defendant.**

**Bankruptcy No. 85–11887 M. Adv. No. 86–1014M.**

United States Bankruptcy Court, W.D. New York.

May 2, 1988.

Francis Weimer, Buffalo, N.Y., for trustee/plaintiff.

David Lande, New York City, for defendant.

BERYL E. McGUIRE, Chief Judge.

The debtor filed a voluntary petition under the provisions of Chapter 11 of Title 11 U.S.C. on October 11, 1985. The case was converted to Chapter 7 on November 15, 1985, and William E. Lawson, Esq., was appointed trustee.

This adversary proceeding, seeking to recover a series of payments by the debtor to the defendant, Raritan River Steel Corporation (Raritan), was initiated by the filing of a complaint on January 10, 1986. The foundation for the complaint is the assertion that the payments were preferential and, hence, recoverable under the provisions of section 547, Title 11 U.S.C. The defendant answered on March 28, 1986, and asserted in part that the payments in question were made in the ordinary course of business and thus not subject to recovery under the provisions of subsection (c)(2) of section 547.

## I.

By virtue of the provisions of section 157, Title 28 U.S.C., and a general order of reference entered in the United States District Court for the Western District of New York, this court has jurisdiction over the parties and the subject matter. The proceeding is a "core" proceeding. See, § 157(b)(2)(F), Title 28 U.S.C.

## II.

Involved are a series of payments made by the debtor to Raritan between 7/22/85 and 9/23/85 which payments totaled $72,085.18. All payments were within the preference period and were payments on debts incurred between 5/1/85 and 6/25/85. The various debts were paid in a range of time varying from seventy to ninety days after invoice.

On the trustee's motion for summary judgment, this court, on January 21, 1987, granted partial summary judgment, determining that the payments were preferential under the provisions of subsection (b) of section 547, Title 11 U.S.C.; the undisputed facts satisfying each of the elements outlined therein. Reserved for trial was Raritan defense under section 547(c)(2).

Trial was held on February 4, 1988. Briefing was completed on February 26, 1988.

Subsection (c)(2) of section 547 provides:

### SECTION 547 (11 U.S.C. § 547)

§ 547. **Preferences.**

\*   \*   \*   \*   \*   \*

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

The evidence establishes that the payments in question were "in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee" and "made in the ordinary course of business or financial affairs of the debtor and the transferee." The question remaining is whether or not the payments were "made according to ordinary business terms."

Although Raritan's billing terms were 1% 10, net 30, it is clear that it as well as others in the industry permitted payment of up to 45 days without complaint and with little complaint if payment was within 60 days. The relaxation of terms was largely due to financial difficulties within the steel industry at large. As the court understands it, 98% or more of Raritan's customers worked within the 60 day constraint.

Raritan, however, had a handful of customers that in spite of dunning, threats of holding up shipments, or being put on "cash before delivery," were unable to meet these relaxed terms. If not from the inception of their relationship, for over a year prior to its bankruptcy this debtor was among this handful of problem customers.

Because the situation of debtor vis-a-vis Raritan was ongoing and not extraordinary, Raritan argues it hence was "ordinary" as that term is used in subsection (c)(2)(C) of section 547. The court disagrees. To define the term "ordinary" to be less than what Raritan demanded (although it chose not to enforce its demands) and what the debtor understood those demands to be would totally undermine the very policy underlying the preference statute.

The laws relating to preferences are intended to avoid payments or transfers to creditors on the eve of bankruptcy on antecedent debt, which payments or transfers have the effect of preferring those creditors over other creditors similarly situated but unpaid. They have been described as deterrents to grab law tactics and have as their purpose promoting the policy of equality of distribution among creditors of insolvent debtors.[1]

There are a number of types of payments or transfers, however, which are not to be deemed to be implicated in this general policy,[2] one of which is addressed in (c)(2). § 547(c)(2), 11 U.S.C. It excepts creditors who, though receiving payments or transfers on antecedent debt, have done so only in the ordinary or usual course of business. The exception makes sense because in the real world, many types of debt, though antecedent in time, are not due or normally are not paid until after product is delivered or a service rendered. Thus, grab law tactics are not involved, and any payments or transfers made are within the expectancy of creditors at large.

The payments by this debtor to Raritan were extraordinary not only in terms of its standards for payment, but also of those of the industry as a whole. They could be said to be ordinary only if its unhappy relationship with the debtor was viewed as the appropriate benchmark. That this ought not be the benchmark is patently obvious. Such an exception would consume preference policy.

The trustee therefore is entitled to a judgment against Raritan for the payments in question.

Submit order and judgment on five days notice.

So Ordered.

---

**1.** *Yellowhouse Machinery Co. v. Mack,* 704 F.2d 820, 822 (5th Cir.1983); *Grover v. Gulino,* 779 F.2d 546, 548–549 (9th Cir.1985); See also, 4 Collier on Bankruptcy, § 547.01 (15th ed. 1987); Countryman, *The Concept of a Voidable Prefer-*ence *in Bankruptcy,* 38 Vand.L.Rev. 713, § 547.01, note 1, at 748.

**2.** See, § 547(c)(1–7).